**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VICTOR SAENZ, #06027201,** | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1091-D |
| | ) | ECF |
| **MICHAEL HERNDON, et al.,** | ) | |
|       Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Dallas County Jail in Dallas, Texas. Defendants are Michael Herndon, Plaintiff's retained counsel, and Assistant District Attorney Damita Sangermano (identified in answer to Questions 6 and 7 of the magistrate judge's questionnaire). The Court did not issue process in this case, pending preliminary screening. On July 11, 2006, the Court issued a questionnaire to Plaintiff who filed his answers on July 18, 2006.[1]

---

[1] On September 13, 2006, Plaintiff informed the Court that he no longer wished to amend the complaint to add as Defendants the Court Reporter of Criminal District Court No. 2 and Detective McCutcheon. (Plaintiff's response to August 28, 2006 Order).

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, alleges Defendants conspired to have him convicted in Cause No. F04-72435 in violation of his constitutional rights. (Complaint at 4). Plaintiff alleges that he is totally and completely innocent of the crime of which he was accused in No. F04-72435. (*Id.*). He seeks monetary relief, and the imposition of sanctions against the Defendants. (Answer to Question 9).

Following an agreed plea of guilty to burglary of a habitation in Cause No. F04-72435, the Criminal District Court No. 2 deferred adjudication of guilt and assessed a three-year term of community supervision. *See Saenz v. State*, No. F04-72435. Plaintiff is presently incarcerated at the Dallas County Jail on what appears to be a motion to revoke the term of community supervision. *See Saenz v. State*, No. BZ04-72435-01. His recent art. 11.07 application was denied because his community supervision had not been revoked as of the date of its filing. *See Ex parte Saenz,* No. WR-65,254-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID=244646.

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court

2

finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The claims for monetary relief against Assistant District Attorney Sangermano are barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).

Moreover, Plaintiff's claims against his defense counsel are not cognizable under § 1983 because a defense attorney in a criminal proceeding, whether retained or court appointed, is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law).

Insofar as Plaintiff alleges that his attorney conspired with the prosecutor and/or trial judge with respect to the entry of his agreed guilty plea, his claim fares no better. Although under proper circumstances the existence of a conspiracy between a prosecutor and retained or appointed counsel may give rise to an actionable claim against the attorney, *see Tower v. Glover*,

3

467 U.S. 914, 920 (1984), *Wyatt v. Cole*, 994 F.2d 1113, 1118 (5th Cir. 1993), Plaintiff's complaint, as supplemented by his answers to the questionnaire, fails to present a cognizable conspiracy claim. (Answer to Questions 6 and 7).

A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979). In the present case, the complaint and answers to the questionnaire fail to allege facts which would permit an inference that Plaintiff's defense counsel, Defendant Herndon, conspired with Defendant Sangermano or Judge Don Adams to deprive Plaintiff of his constitutional rights. Plaintiff's pleadings do not allege facts showing an agreement between Herndon and Sangermano and/or Judge Adams, nor do they allege that these individuals ever met or discussed Plaintiff's agreed guilty plea and deferred adjudication probation. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Hale*, 786 F.2d at 690 (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Therefore, Plaintiff's allegations of a conspiracy are conclusional at best, and they do not suffice to state a civil rights conspiracy. *See Mills v. Criminal District Court # 3,* 837 F.2d 677, 679 (5th Cir.1988); *see also Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986).

Assuming *arguendo* that Plaintiff could sufficiently alleged the existence of a conspiracy between his defense attorney and the prosecutor and/or the trial judge, such an allegation would call into question the validity of his underlying guilty plea and deferred adjudication probation in F04-72435. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a court must dismiss a

complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.*, 512 U.S. at 486-87.

In this instance, the crux of Plaintiff's complaint is that Defendants' "planned conspiracy [was designed] to obtain an illegal conviction." (Complaint at 4). A ruling granting Plaintiff the relief which he seeks would necessarily implicate the validity of his underlying guilty plea and deferred adjudication probation in F04-72435, and inevitably affect the duration of his confinement. Therefore, under *Heck* Plaintiff must demonstrate that his guilty plea and deferred adjudication probation have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck*, 512 U.S. at 486-87.

Plaintiff cannot meet this requirement. Presently pending is the State's motion to revoke his community supervision/probation. Unless Plaintiff receives a ruling declaring his guilty plea and future sentence, if any, invalid, no action accrues under § 1983. *Id.* at 488-89. The District Court should dismiss Plaintiff's complaint with prejudice as frivolous to its being asserted again until the *Heck* conditions are met. *See Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting that the preferred way to dismiss a claim for monetary damages barred by *Heck* should read as follows: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in *Heck* is legally frivolous); *see also Marts v. Hines*,

5

117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief, see 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii). Alternatively, it is recommended that the complaint be DISMISSED with prejudice as frivolous to its being asserted again until the *Heck* conditions are met.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 26th day of October, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.